**Electronically Filed
Intermediate Court of Appeals
30627
15-NOV-2011
09:02 AM**

NO. 30627

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ARMAND BEHPOUR, Plaintiff-Appellee,
v.
HAKIM INVESTMENT CONSORTIUM, L.L.C., Defendant-Appellant,
and
QUEEN EMMA, L.L.C.; LISA W. GALIJAN; GWEN FRISBEE;
PONSUDA PIAMSA-NGA; HADI EMRAHIMI; ARMAND BEHPOUR, INC.;
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS, DOE
CORPORATIONS, DOE ENTITIES and DOE GOVERNMENTAL UNITS 1-50,
Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-2195)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Reifurth, JJ.)

Defendant-Appellant Hakim Investment Consortium,
L.L.C., (HIC) appeals from the Judgment re: Order Granting
Plaintiff's Motion for Confirmation of Sale by Commissioner
(Judgment) filed on June 23, 2010 in the Circuit Court of the
First Circuit (circuit court).[1] The circuit court entered
judgment in favor of Plaintiff-Appellee Armand Behpour (Behpour
or Plaintiff) and against HIC.

On February 17, 2010, the circuit court entered its
Findings of Fact, Conclusions of Law, and Order Granting

---

[1] The Honorable Bert I. Ayabe presided.

Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed on September 21, 2009. On that date, the circuit court also entered a Judgment on Findings of Fact, Conclusions of Law, and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed on September 21, 2009, pursuant to Rule 54(b) of the Hawaii Rules of Civil Procedure (HRCP); no appeal from that judgment was taken by HIC.

On June 23, 2010, the circuit court entered an Order Granting Plaintiff's Motion for Confirmation of Sale by Commissioner and the Judgment, which were entered pursuant to HRCP Rule 54(b).

On appeal, HIC contends the circuit court erred by holding that HIC and all other defendants in the foreclosure action were "barred of and from any and all right, title and interest in and to the property."

Behpour contends (1) this court lacks jurisdiction because the appeal was untimely and (2) the appeal lacks merit.[2]

This court does not lack jurisdiction because HIC's appeal was timely. See Hawaii Revised Statutes §§ 667-51(a)(2) (Supp. 2010) and 641-1(a) (Supp. 2010).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we conclude that HIC's appeal is without merit.

HIC did not appeal the decree of foreclosure and judgment issued on February 17, 2010. Therefore, HIC does not have an interest in the subject property. In the circuit court, HIC's sole argument against confirmation of the sale was that the foreclosure action was "a contrived action designed to defraud a

---

[2] The fly-leaf shall have a three-inch top margin. Hawai'i Rules of Appellate Procedure (HRAP) Rule 32(a). Robert E. Chapman, Mary Martin, and Katie L. Lambert, counsel for Behpour, are warned that future failure to comply with HRAP Rule 32(a) may result in sanctions against them.

creditor, [HIC]." HIC makes that same argument on appeal. HIC made no valid objection to the sale and confirmation of the property in the circuit court or on appeal.

Therefore,

IT IS HEREBY ORDERED that the Judgment re: Order Granting Plaintiff's Motion for Confirmation of Sale by Commissioner filed on June 23, 2010 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, November 15, 2011.

On the briefs:

Keith M. Kiuchi
(Kiuchi, Nakamoto & Tanaka)
for Defendant-Appellant.

Robert E. Chapman
Mary Martin
Katie L. Lambert
(Clay Chapman Iwamura
Pulice & Nervell)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

3